IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-15-34-1 |
| | § | |
| NATIVI BORGONOBO ALVARADO | § | |

### REPORT AND RECOMMENDATION
### ON GUILTY PLEA

This case was referred by Judge Lee H. Rosenthal pursuant to 28 U.S.C. § 636(b)(3), for proceedings under Rule 11 of the Federal Rules of Criminal Procedure. All parties executed a waiver of the right to plead guilty before a United States district judge, as well as a consent to proceed before a magistrate judge. On March 9, 2015, the defendant and his counsel appeared before this court, and he was informed of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure. The court determined that the defendant was competent to plead guilty and fully understood those admonishments. The defendant agreed to plead guilty to Count 1 of the Indictment (violation of Title 8, United States Code, Sections 1326(a) and (b)(1)). Any other counts are to be dismissed at sentencing. The court explained that the district court will consult the Sentencing Guidelines promulgated by the United States Sentencing Commission in determining the defendant's sentence. The court also explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victims of Crimes Act. The magistrate judge finds the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL NO. H-15-34-1 |
| | § | |
| NATIVI BORGONOBO ALVARADO | § | |

## REPORT AND RECOMMENDATION
## ON GUILTY PLEA

This case was referred by Judge Lee H. Rosenthal pursuant to 28 U.S.C. § 636(b)(3), for proceedings under Rule 11 of the Federal Rules of Criminal Procedure. All parties executed a waiver of the right to plead guilty before a United States district judge, as well as a consent to proceed before a magistrate judge. On March 9, 2015, the defendant and his counsel appeared before this court, and he was informed of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure. The court determined that the defendant was competent to plead guilty and fully understood those admonishments. The defendant agreed to plead guilty to Count 1 of the Indictment (violation of Title 8, United States Code, Sections 1326(a) and (b)(1)). Any other counts are to be dismissed at sentencing. The court explained that the district court will consult the Sentencing Guidelines promulgated by the United States Sentencing Commission in determining the defendant's sentence. The court also explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victims of Crimes Act. The magistrate judge finds the following:

1. The defendant, with the advice of his attorney, has consented orally and in writing to enter his guilty plea before the magistrate judge, subject to final approval and sentencing by the district judge;

2. The defendant fully understands the nature of the charges and penalties;

3. The defendant understands his constitutional and statutory rights and wishes to waive these rights;

4. The defendant's plea is made freely and voluntarily;

5. The defendant is competent to enter his plea of guilty; and

6. There is an adequate factual basis for his plea.

## Recommendation

It is **RECOMMENDED** that the district court accept the plea of guilty and enter final judgment of guilt against the defendant.

## Warnings

The parties may file objections to the report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982) (en banc)). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after being served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53

(1985); *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).  The Clerk is directed to send a copy of this report and recommendation to all parties.

    SIGNED this 9th day of March, 2015.

MARY MILLOY<br>
UNITED STATES MAGISTRATE JUDGE